UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUSTEM NURLYBAYEV, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>ZTO EXPRESS (CAYMAN) INC., MEISONG LAI, JIANFA LAI, JILEI WANG, XIANGLIANG HU, BAIXI LAN, ZING LIU, FRANK ZHEN WEI, and JIANMIN (JAMES) GUO, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, CITIGROUP GLOBAL MARKETS INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, GOLDMAN SACHS (ASIA) L.L.C., AND MORGAN STANLEY & CO. INTERNATIONAL PLC,<br><br>      Defendants. | Civil Action No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Rustem Nurlybayev ("plaintiff") , individually and on behalf of all other persons similarly situated, by plaintiff's undersigned attorneys, for plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to plaintiff and plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through plaintiff's attorneys, which included among other things, a review of defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding ZTO Express (Cayman) Inc., ("ZTO" or the "Company"), and information readily obtainable on the Internet, plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons or entities other than defendants who purchased or otherwise acquired the publicly traded securities of ZTO pursuant and/or traceable to the Company's initial public offering on or about October 27, 2016 (the "IPO"), seeking to recover compensable damages caused by defendants' violations of the federal securities laws.

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to §§11 and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k and 770).

3.      This Court has jurisdiction over this action pursuant to §22 of the Securities Act (15 U.S.C. §77v) and 28 U.S.C. §1331.

4.      Venue is properly laid in this District pursuant to § 22 of the Securities Act and 28 U.S.C. § 1391(b) as a significant portion of the defendants' actions, and the subsequent damages, took place within this District.

5.      In connection with the acts, conduct and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the accompanying certification, incorporated by referenced herein, purchased the Company's securities pursuant and/or traceable to the Registration Statement and Prospectus for the Company's IPO and was harmed thereby.

7.      Defendant ZTO, through its subsidiaries, provides express delivery and other value-added logistics services in China.  It offers delivery services for e-commerce merchants, traditional merchants, and other express service users, as well as through business partners.  The Company is incorporated in the Cayman Islands and maintains its principal executive offices at Building One, No. 1685 Huzahi Road, Quingpu District, Shanghai, 201708, People's Republic of

China.  ZTO securities trade on the New York Stock Exchange ("NSYE") under the ticker symbol "ZTO."

8.     Defendant Meisong Lai ("M. Lai") was, at all relevant times, the Chairman of ZTO's Board of Directors ("Board"), and the Company's Chief Executive Officer ("CEO").

9.     Defendant Jianfa Lai ("J. Lai") was, at all relevant times, a Director of ZTO's Board.

10.    Defendant Jilei Wang ("Wang") was, at all relevant times, a Director of ZTO's Board.

11.    Defendant Xiangliang Hu ("Hu") was, at all relevant times, a Director of ZTO's Board.

12.    Defendant Baixi Lan ("Lan") was, at all relevant times, a Director of ZTO's Board.

13.    Defendant Zing Liu ("Liu") was, at all relevant times, a Director of ZTO's Board.

14.    Defendant Frank Zhen Wei ("Wei") was, at all relevant times, a Director of ZTO's Board.

15.    Defendant Jianmin (James) Guo ("Guo") was, at all relevant times, ZTO's Chief Financial Officer.

16.    <u>Underwriter Defendants</u> -- Under the terms and subject to the conditions in an underwriting agreement dated on or about October 28, 2016, the underwriters named below (the "Underwriter Defendants") severally agreed to purchase, and ZTO agreed to sell to them, severally, the number of ADSs indicated below:

| Name | Number of ADSs |
|---|---|
| Morgan Stanley & Co. International plc | 20,909,000 |
| Goldman Sachs (Asia) L.L.C. | 18,025,000 |
| China Renaissance Securities (Hong Kong) Limited | 7,210,000 |
| Citigroup Global Markets Inc. | 8,652,000 |
| Credit Suisse Securities (USA) LLC | 7,210,000 |
| J.P. Morgan Securities LLC | 10,094,000 |
| Total: | 72,100,000 |

17.    Morgan Stanley & Co. International plc acted as an underwriter for ZTO's IPO and solicited and sold the number of shares of ZTO ADSs indicated above.  The company

provides financial services to corporations, governments, financial institutions, and individuals in Europe, the Middle East, Africa, the Americas, and Asia. It provides various services, such as capital raising; financial advisory services, including advice on mergers and acquisitions, restructurings, real estate, and project finance; corporate lending; sales, trading, financing, and market-making activities in equity and fixed income securities and related products comprising foreign exchange and commodities; and investment activities. The company was incorporated in 1986 and is based in London, the United Kingdom.  The company is located at 25 Cabot Square, Canary Wharf, London,  E14 4QA, United Kingdom.

18.     Goldman Sachs (Asia) L.L.C. acted as an underwriter for ZTO's IPO and solicited and sold the number of shares of ZTO ADSs indicated above.   Goldman Sachs (Asia) LLC is an investment-banking firm that offers financial advisory, securities brokerage, and investment management services to corporations, financial institutions, government, and high net-worth individuals. It offers mergers and acquisitions, private placement of debt and equity capital, investment research in areas of economics, portfolio strategy, and equity securities analysis, and investment advisory services. Additionally, the firm offers prime brokerage, securities lending, and futures services. It serves industrial, consumer, natural resources, healthcare, financial institutions, real estate, technology, media, and telecommunication sectors. The firm is based in Central, Hong Kong with additional offices in Beijing, China; Taipei, Taiwan; and Seoul, Korea. Goldman Sachs (Asia) LLC operates as a subsidiary of Goldman Sachs Holdings (Hong Kong) Limited.  The company is located at Cheung Kong Center, 68th Floor, 2 Queen's Road, Central, Hong Kong.

19.     China Renaissance Securities (Hong Kong) Limited acted as an underwriter for ZTO's IPO and solicited and sold the number of shares of ZTO ADSs indicated above.   China Renaissance Securities (Hong Kong) Limited operates as a subsidiary of China Renaissance Partners, and is located at Unit 901-3, 9th Floor, Agricultural Bank of China Tower, 50 Connaught Road Central, Central, Hong Kong.

20.     Citigroup Global Markets Inc. acted as an underwriter for ZTO's IPO and

solicited and sold the number of shares of ZTO ADSs indicated above.   Citigroup Global Markets Inc. provides investment banking and financial advisory services. The firm offers equity and debt financing, asset transaction, private equity, underwriting, institutional sales and trading, and mergers and acquisitions advisory services. Citigroup Global Markets Inc. was formerly known as Salomon Smith Barney Inc. and changed its name in April 2003. The firm is based in New York, New York. Citigroup Global Markets Inc. operates as a subsidiary of Citigroup Financial Products Inc.  The company is located at 390-388 Greenwich Street, New York, NY 10013-2396.

21.     Credit Suisse Securities (USA) LLC acted as an underwriter for ZTO's IPO and solicited and sold the number of shares of ZTO ADSs indicated above.  Credit Suisse Securities (USA) LLC operates as an investment bank in the United States. Its businesses include securities underwriting, sales and trading, investment banking, private equity, alternative assets, financial advisory services, investment research, and asset management. The company offers services in investment banking, capital markets, and financial services segments for institutional, corporate, government, and high net worth clients. Credit Suisse Securities (USA) LLC was formerly known as Credit Suisse First Boston Corporation. The company was formed in 1997 and is based in New York, New York. Credit Suisse Securities (USA) LLC operates as a subsidiary of Credit Suisse (USA), Inc.  The company is located at 11 Madison Avenue, 24th Floor, New York, NY 10010.

22.     J.P. Morgan Securities LLC acted as an underwriter for ZTO's IPO and solicited and sold the number of shares of ZTO ADSs indicated above.  The company is an investment bank and is located at 277 Park Avenue, New York, NY 10172.

23.     The Underwriter Defendants are liable for the false and misleading statements in the Registration Statement because:

A.      The Underwriter Defendants assisted ZTO and the Individual Defendants in planning the IPO and were required to conduct an adequate and reasonable investigation into the business and operations of ZTO – a process known as a "due diligence" investigation.  The Underwriter Defendants were required to conduct a diligence investigation in order to participate in the IPO.  During the course of their "due diligence investigation" the Underwriter Defendants had continual access to confidential corporate information concerning ZTO's operations and financial prospects.

B.      In addition to availing themselves of virtually unlimited access to internal corporate documents, agents of the Underwriter Defendants met with ZTO's lawyers, management and top executives and engaged in "drafting sessions" between at least June 2016 and October 2016.  During these sessions, the Underwriter Defendants, ZTO, and/or the Individual Defendants made joint decisions regarding:  (i) the terms of the IPO, including the price at which ZTO ADSs would be sold to the public; (ii) the strategy to best accomplish the IPO;  (iii) the information to be included in the Registration Statement; and (iv)  what responses would be made to the SEC in connection with its review of the Registration Statement.  As a result of those constant contacts and communications between the Underwriter Defendants' representatives and ZTO's management and top executives, the Underwriter Defendants knew of, or in the exercise of reasonable care should have known of, ZTO's existing problems as detailed herein.

24.      Defendants M. Lai, J. Lai, Wang, Hu, Lan, Liu, Wei and Guo are collectively referred to herein as the "Individual Defendants."

25.      The Individual Defendants signed, or authorized the signing of, the Registration Statement (defined below).

26.      Each of the Individual Defendants:

a.      directly participated in the management of the Company;

b.      was directly involved in the day-to-day operations of the Company at the

6

highest levels;

        c.      was privy to confidential proprietary information concerning the Company and its business and operations;

        d.      was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

        e.      was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

        f.      was award of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

        g.      approved or ratified these statements in violation of the federal securities laws.

27.      ZTO is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

28.      The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

29.      The Company and Individual Defendants are collectively referred to herein as "Defendants."

**SUBSTANTIVE ALLEGATIONS**

30.      Pursuant to the Securities Act, Defendants are strictly liable for material misstatements in the Offering Materials issued in connection with the IPO. The Securities Act claims specifically exclude any allegations of fraud, knowledge, recklessness or scienter, do not "sound in fraud" and are based solely on strict liability and negligence.

**Background**

31.      On September 30, 2016, ZTO filed a registration statement on Form F-1 with the SEC. On October 24, 2016, ZTO filed its final amendment to the Registration Statement, which

registered over 82 million ZTO shares for public sale.

32.    The Registration Statement contained a preliminary prospectus. The final prospectus was filed on October 28, 2016 (the "Prospectus").  The Registration Statement and the Prospectus are collectively referred to herein as the "Registration Statement."

33.    The SEC declared the Registration Statement effective on October 26, 2016. ZTO priced the IPO at $19.50 per share and filed the final Prospectus for the IPO, which forms part of the Registration Statement.  Through the IPO, defendants issued and sold over 72 million ADSs, generating over $1.36 billion for defendants.

**Materially False and Misleading Statements**

34.    The Registration Statement, signed by each of the Individual Defendants, stated the following:

> We have achieved superior profitability along with our rapid growth. Our operating margin, which is the ratio of our income from operations to revenues, in 2015 was 25.1%, which was one of the highest among the major publicly listed logistics companies globally.
>
> ***
>
> We operate a highly scalable network partner model, which we believe is best suited to support the significant growth of e-commerce in China. We leverage our network partners to provide pickup and last-mile delivery services, while we control the mission-critical line-haul transportation and sorting network within the express delivery service value chain. The network partner model is developed to reach and serve the Chinese ecommerce industry's fragmented and geographically dispersed merchant and consumer base and seasonal demand. It allows us to achieve strong operating leverage through minimizing fixed costs and capital requirements, consequently driving higher return on invested capital and equity.

35.    The Company further stated the following in its Registration Statement regarding its profit margins:

> We have achieved significant growth and profitability. Our total parcel volume increased from 279 million in 2011 to 2,946 million in 2015 and from 1,185 million in the six months ended June 30, 2015 to 1,913 million in the same period in 2016. Our total parcel volume in the nine months ended September 30, 2016 was 3,015 million compared to 1,917 million in the same period in 2015. Our revenues increased from RMB3.9 billion in 2014 to RMB6.1 billion (US$915.8

million) in 2015 and from RMB2.5 billion in the six months ended June 30, 2015 to RMB4.2 billion (US$638.8 million) in the same period in 2016. We generated operating profit of RMB600.3 million and RMB1.5 billion (US$230.1 million) and our operating profit margin was 15.4% and 25.1% in 2014 and 2015, respectively. We generated operating profit of RMB579.9 million and RMB1.1 billion (US$159.0 million) and our operating profit margin was 23.3% and 24.9% in the six months ended June 30, 2015 and 2016, respectively.

36.    The Company further stated the following in its Registration Statement regarding its "network partners":

During 2014 and 2015, we acquired the express delivery business and assets of selected network partners in exchange for cash and/or our ordinary shares in order to optimize our nationwide network.

37.    The statements contained in ¶¶ 34-36 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that ZTO was improperly inflating its stated profit margins by keeping certain low-margin segments of its business out of its financial statements. ZTO used a system of "network partners" to handle lower-margin pickup and delivery services, while maintaining ownership of core hub operations.  By keeping the "network partners" businesses off its own books, the Company was able to exaggerate its profit margins to investors.

38.    In addition, pursuant to Item 303 of Regulation S-K (17 C.F.R. §229.303) and the SEC's related interpretive releases thereto, including any known trends, issuers are required to disclose events or uncertainties that have had, or are reasonably likely to cause, the registrant's financial information not to be indicative of future operating results. Any adverse events and/or uncertainties associated with ZTO's margins were reasonably likely to have a material impact on ZTO's profitability and, therefore, were required to be (but were not) disclosed in the Registration Statement under Item 303.

39.    As of the date of the filing of this action, ZTO shares traded at approximately $13.25.

40.    As a result of Defendants' wrongful acts and omissions, and the precipitous

9

decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

41.    Plaintiff brings this action as a class action on behalf of a Class, consisting of all those who purchased ZTO pursuant or traceable to the Company's Registration Statement and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

42.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members in the proposed Class. The proposed Class may be identified from records maintained by ZTO or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

43.    Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct.

44.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

45.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a.    whether the federal securities laws were violated by Defendants' acts as alleged herein;

b.    whether the Registration Statement contained materially false and misleading statements and omissions; and

c.      Whether and to what extent Plaintiff and members of the Class have sustained damages, and the proper measure of damages.

46.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

47.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

48.     This Claim is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against each of the Defendants.

49.     The Registration Statement was inaccurate and misleading, contained untrue statements of material facts, omitted facts necessary to make the statements made therein not misleading, and omitted to state material facts required to be stated therein.

50.     Defendant ZTO is the issuer of the securities purchased by Plaintiff and the Class. As such, ZTO is strictly liable for the materially inaccurate statements contained in the Registration Statement and the failure of the Registration Statement to be complete and accurate.

51.     The Individual Defendants each signed the Registration Statement. The Individual Defendants each had a duty to make a reasonable and diligent investigation of the truthfulness and accuracy of the statements contained in the Registration Statement. They had a duty to ensure that they were true and accurate, that there were no omissions of material facts that would make the Registration Statement misleading and that the document contained all facts required to be stated therein. In the exercise of reasonable care, the Individual Defendants should have

11

known of the material misstatements and omissions contained in the Registration Statement and also should have known of the omissions of material fact necessary to make the statements made therein not misleading. As such, the Individual Defendants are liable to Plaintiff and the Class.

52.     The Underwriter Defendants each served as underwriters in connection with the Offering. These Defendants each had a duty to make a reasonable and diligent investigation of the truthfulness and accuracy of the statements contained in the Registration Statement. They had a duty to ensure that they were true and accurate, that there were no omissions of material facts that would make the Registration Statement misleading, and that the documents contained all facts required to be stated therein. In the exercise of reasonable care, the Underwriter Defendants should have known of the material misstatements and omissions contained in the Registration Statement and also should have known of the omissions of material facts necessary to make the statements made therein not misleading. As such, the Underwriter Defendants are liable to Plaintiff and the Class.

53.     By reason of the conduct herein alleged, each Defendant violated Section 11 of the Securities Act.

54.     Plaintiff acquired ADS of ZTO in reliance on the Registration Statement and Prospectus and without knowledge of the untruths and/or omissions alleged herein. Plaintiff sustained damages and the price of ZTO's ADS declined substantially due to material misstatements in the Registration Statement and Prospectus.

55.     This action was brought within one year after the discovery of the untrue statements and omissions and within three years of the date of the Offering.

56.     By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages under Section 11 as measured by the provisions of Section 11(e), from the Defendants and each of them, jointly and severally.

## SECOND CLAIM

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

57.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

58.     Defendants were sellers and offerors and/or solicitors of purchasers of the ZTO securities offered pursuant to the Offering. Defendants issued, caused to be issued and signed the Registration Statement in connection with the Offering. The Registration Statement was used to induce investors, such as Plaintiff and the other members of the Class, to purchase ZTO securities.

59.     The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted material facts required to be stated therein. Defendants' actions of solicitation included participating in the preparation of the false and misleading Registration Statement.

60.     Plaintiff and the other Class members did not know, nor could they have known, of the untruths or omissions contained in the Registration Statement.

61.     The Defendants were obligated to make a reasonable and diligent investigation of the statements contained in the Registration Statement to ensure that such statements were true and that there was no omission of material fact required to be stated in order to make the statements contained therein not misleading. None of the Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were accurate and complete in all material respects. Had they done so, these Defendants could have known of the material misstatements and omissions alleged herein.

62.     By reason of the conduct alleged herein, defendants violated §12(a)(2) of the 1933 Act.  As a direct and proximate result of such violations, plaintiff and the other members of the Class who purchased ZTO ADSs pursuant to the Prospectus sustained substantial damages in connection with their purchases of the ADSs.  Accordingly, plaintiff and the other members of

the Class who hold ADSs issued pursuant to the Prospectus have the right to rescind and recover the consideration paid for their shares, and hereby tender their ADSs to defendants sued herein. Class members who have sold their ADSs seek damages to the extent permitted by law.

63.     This claim was brought within one year after discovery of the untrue statements and omissions in the Registration Statement and within three years after ZTO securities were sold to the Class in connection with the Offering.

**THIRD CLAIM**

**Violations of Section 15 of the Securities Act
Against ZTO and the Individual Defendants**

64.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

65.     The Individual Defendants acted as controlling persons of ZTO within the meaning of §15 of the Securities Act. By reason of their ownership, senior management positions and/or directorships at the Company, as alleged above, these Defendants, individually and acting pursuant to a common plan, had the power to influence, and exercised the same, to cause ZTO to engage in the conduct complained of herein. The Company controlled the Individual Defendants and all of ZTO's employees.

66.     ZTO and the Individual Defendants were each culpable participants in the violations of §§11 and 12(a)(2) of the 1933 Act alleged in the First and Second Causes of Action above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

67.     By reason of such wrongful conduct, the Individual Defendants and ZTO are liable pursuant to §15 of the Securities Act. As a direct and proximate result of the wrongful conduct, Class members suffered damages in connection with their purchases of the Company's securities.

14

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

C.       declaring this action to be a proper class action pursuant and certifying Plaintiff as Class representative;

D.       awarding Plaintiff and other members of the Class compensatory damages;

E.       awarding Plaintiff and other members of the Class rescission on their §12(a)(2) claims;

F.       awarding Plaintiff and other members of the Class pre-judgment and post-judgment interest, as well as reasonable attorneys' fees, expert witness fees, and other costs and disbursements; and

G.       awarding Plaintiff and other members of the Class any other relief that the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues.

Dated: August  14, 2017                    Respectfully submitted,

                                           WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
                                           Fred T. Isquith


                                           _____s/ Fred T. Isquith_____
                                                     Fred T. Isquith

                                           270 Madison Avenue
                                           New York, New York 10016
                                           Telephone:      (212) 545-4600
                                           Facsimile:      (212) 686-0114
                                           E-mail:         fisquith@whafh.com

                                           BOTTINI & BOTTINI, INC.
                                           Francis A. Bottini, Jr.
                                           7817 Ivanhoe Avenue, Suite 102
                                           La Jolla, California  92037
                                           Telephone:      (858) 914-2001
                                           Facsimile:      (858) 914-2002

15

E-mail:        fbottini@bottinilaw.com

*Attorneys for Plaintiff*

**Certification of Named Plaintiff Under the Federal Securities Laws**

Rustem Nurlybayev ("Plaintiff") declares:

1.      Plaintiff has reviewed the complaint in this class action alleging violations of the federal securities laws. Plaintiff authorizes the filing of the complaint.

2.      Plaintiff did not acquire the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in this action or any other private action under the federal securities laws.

3.      Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      Plaintiff's transactions in the securities of ZTO Express (Cayman) Inc. are attached hereto as Exhibit A.

5.      Plaintiff has not sought to serve or served as a representative party in a class action that was filed under the federal securities laws within the three-year period prior to the date of this certification, except as follows:

*Nurlybayev v. Alibaba Group Holding Limited, et al.*, Case No. CIV535840 (Super. Ct. of Calif., Cnty. of San Mateo)

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 8, 2017.

Rustem Nurlybayev

EXHIBIT A

Plaintiff has made the following transactions in the securities of ZTO Express (Cayman) Inc. during the class period specified in the complaint:

| Acquisitions: | Date Purchased | Number of Shares | Per Share Price |
|---|---|---|---|
|  | 10/27/2016 | 5,128 | $19.50 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **Sales:** | **Date Sold** | **Number of Shares** | **Price Per Share** |
|  | 4/28/2017 | 5,128 | $13.95 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |