UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RUSTEM NURLYBAEV, et al.,

                         Plaintiffs,

          -against-

ZTO EXPRESS (CAYMAN) INC., et al.,

                         Defendants.
-----------------------------------------------------------------X

17-CV-06130 (LTS)(SN)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/2017

**SARAH NETBURN, United States Magistrate Judge:**

       On August 14, 2017, plaintiff Rustem Nurlybaev commenced a securities class action against ZTO Express (Cayman) Inc. ("ZTO"), various underwriters, and certain individuals alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933. This action seeks damages on behalf of all persons who purchased or otherwise acquired securities traceable to ZTO's registration statement (filed in conjunction with its October 27, 2017 Initial Public Offering), and were damaged thereby. Complaint, Dkt. No. 1, at 10.

       Before the litigation can proceed, the Private Securities Litigation Reform Act (the "PSLRA") requires the Court to appoint the lead plaintiff and counsel for the putative class. 15 U.S.C. § 77z-1(a)(3)(B). On October 16, 2017, three parties filed motions to be appointed class representative: Nurlybaev, ZTO Investor Group, and the Wong Family Trusts. After these motions were filed, and upon review of the motion brought by the Wong Family Trusts, ZTO Investor Group and Nurlybaev filed Notices of Non-Opposition, conceding that they did "not appear to have the largest financial interest" in the relief sought by the class.

## LEGAL STANDARD

Although the Wong Family Trusts' motion is unopposed, the Court must still ensure that it is the most adequate plaintiff under the PSLRA. Springer v. Code Rebel Corp., No. 16-CV-3492 (AJN), 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017). Under the PSLRA, the court must select the lead plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i).

The PSLRA establishes "a two-step competitive process" to determine which plaintiff is most adequate. In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 97 (S.D.N.Y. 2005). First, the PSLRA sets forth a rebuttable presumption that "the most adequate plaintiff" is "the person or group of persons" who or that (a) has either filed the complaint or made a motion for appointment as lead plaintiff, (b) has "the largest financial interest in the relief sought by the class," and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 77z–1(a)(3)(B)(iii)(I). In deciding which proposed lead plaintiff has "the largest financial interest in the relief sought by the class," courts consider four factors: (i) the gross number of shares purchased; (ii) the net number of shares purchased; (iii) the net funds spent; and (iv) the net loss suffered. Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc., 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004) (quoting Lax v. First Merch. Acceptance Corp., No. 97 Civ. 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)) (the "Lax factors"). Courts generally find the fourth factor to be the most compelling. Khunt v. Alibaba Grp. Holding Ltd., 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

As for the requirements of Rule 23, at this stage a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23. Kaplan v. Gelfond, 240 F.R.D. 88, 94 (S.D.N.Y. 2007); In re Initial Pub. Offering Sec. Litig.,

214 F.R.D. 117, 121 (S.D.N.Y. 2002). "Typicality is established where each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" Janbay v. Canadian Solar, Inc., 272 F.R.D. 112, 120 (S.D.N.Y. 2010) (quoting In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992)). At this early stage, "[t]he adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." Foley v. Transocean Ltd., 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

Second, once the court has identified the presumptive "most adequate plaintiff," other members of the purported class may try to rebut the statutory presumption by showing that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is incapable of adequately representing the class because of "unique defenses." 15 U.S.C. § 77z–1(a)(3)(B)(iii)(II). But the Court does not need to determine whether other plaintiffs may be more typical or adequate than the presumptively adequate plaintiff. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." Khunt, 102 F. Supp. 3d at 536 (quoting In re Cavanaugh, 306 F.3d 726, 732 (9th Cir. 2002)).

The PSLRA further requires the Court to approve the lead plaintiff's selection of counsel. 15 U.S.C. § 77z-1(a)(3)(B)(v). "The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." Kaplan v. S.A.C. Capital Advisors, L.P, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (quoting Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 398

(S.D.N.Y. 2008)). Courts often rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. See, e.g., In re Petrobras Sec. Litig., 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015).

## DISCUSSION

First, Wong Family Trusts timely filed a motion to be appointed lead plaintiff, satisfying the requirement that it make "a motion in response to a notice" of the putative class action. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa). Notice of the class action was published on August 15, 2017, and the Wong Family Trusts filed its motion on October 16, 2017.

Second, the Wong Family Trusts have the largest financial interest in the relief sought by the class of the other two movants. Indeed, both Nurlybaev and the ZTO Investor Group concede this fact. Dkt Nos. 40 & 41. The Court, moreover, has reviewed the figures provided by the Wong Family Trusts sufficient to analyze each movant's financial interest under the Lax factors. Dkt. No. 42 at 7. Nurlybaev purchased 5,128 shares (0 net shares), expended $28,460.40 in net funds, and suffered approximately $28,460.40 in losses. ZTO Investor Group collectively purchased 48,589 shares (16,589 net shares), expended $909,995.50 in net funds, and lost approximately $286,289.87. The Wong Family Trusts purchased 100,000 shares (100,000 net shares), spent $1,840,000 in net funds, and suffered approximately $473,000 in losses. Under all four Lax factors, the Wong Family Trusts have the largest financial interest.

Third, the Wong Family Trusts meet the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. The Wong Family Trusts allege the same facts and make the same legal arguments as the other members of the class: centrally, that ZTO made false or misleading statements in its registration statement in connection with its initial public offering. Therefore, the Wong Family Trusts is typical of the class.

The Wong Family Trusts is also an adequate representative. Plaintiff's counsel is Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), a firm with extensive experience representing classes in securities actions. See Dkt. No. 38, at Ex. D. There is no evidence of conflict between the Wong Family Trusts and other class members, and their large stake in ZTO stock ensures that they will advocate vigorously on behalf of the class.

Finally, because there is no opposition to the Wong Family Trusts' motion, the presumption that it is the most adequate class representative is not rebutted. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) (the presumption "may be rebutted only upon proof by a member of the purported plaintiff class"); see also Springer, 2017 WL 838197, at *3.

The Wong Family Trusts retained Hagens Berman as its counsel. "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." Topping v. Deloitte Touche Tohmatsu CPA, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015). Previous courts have appointed Hagens Berman as lead counsel, recognizing that it is "a firm with extensive experience litigating securities class actions." Janbay, 272 F.R.D. at 121. The Court concludes that Hagens Berman is qualified to serve as lead counsel and approves the Wong Family Trusts' selection.

## CONCLUSION

The Wong Family Trusts' motion for appointment as lead plaintiff and to approve Movants' selection of Hagens Berman as lead counsel is GRANTED. The correlating motions filed by Nurlybaev and the ZTO Investor Group are DENIED. The Clerk of the Court is directed to terminate the motions at ECF Nos. 30, 33, and 36.

Unless otherwise ordered by the Court, the Wong Family Trusts shall file an amended consolidated class action complaint 45 days from the date of this Order & Opinion. Defendants

shall answer or otherwise move against the amended consolidated class action complaint 45 days from its filing.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   November 13, 2017
         New York, New York